UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SARA DELENA,

                              Plaintiff,

        -vs-                                      02-CV-0372C(F)

VERIZON NEW YORK INC.,

                              Defendant.

---

APPEARANCES:   OFFERMANN, CASSANO, GRECO, SLISZ & ADAMS, LLP (JOSEPHINE A. GRECO, ESQ., of Counsel), Buffalo, New York, for Plaintiff.

                          JONES DAY (JAMES S. URBAN, ESQ., of Counsel), Pittsburgh, Pennsylvania, for Defendant.

## BACKGROUND

Plaintiff commenced this employment discrimination action with the filing of a complaint on May 21, 2002, Item 1, and an amended complaint on July 8, 2004. Item 45. After a contentious and lengthy discovery process, defendant filed a motion for summary judgment on September 30, 2005. Item 66. Plaintiff opposes the motion for summary judgment as premature and seeks a continuance to permit further discovery pursuant to Fed. R. Civ. P. 56(f). Item 73. Defendant filed a response in opposition to the motion for a continuance on December 19, 2005. Item 79. For the reasons that follow, the plaintiff's motion for a continuance to permit further discovery is denied.

**FACTS**

In April 2003, plaintiff served a document production request upon defendant in which she sought "W-2 Statements, Form 1099 and other Internal Revenue Service forms for the period from 1988 and continuing for Plaintiff, and all employees in the (sic) any group which Plaintiff was a member . . . ." Item 15, Exh. 8, ¶ 33. Defendant produced the documents for plaintiff, but declined to produce the tax documents for her co-workers on the grounds that they contained private and confidential information. In November 2003, plaintiff sought to compel responses to certain interrogatories and document production requests, including the tax documents. Item 32. In an order dated July 26, 2004, this court denied plaintiff's motion to compel with respect to the tax documents because plaintiff had neither shown a compelling need for the documents nor that the information she sought was not available elsewhere. The court found that defendant had provided compensation plans for the account manager position, and plaintiff could compute her damages without reliance on confidential tax documents of her co-workers. Item 46.

In support of its motion for summary judgment, defendant has submitted a declaration of Mark Van Hoesen, General Manager of Branch Operations for defendant. Mr. Van Hoesen stated that plaintiff was the top earner among her peers in 1997, 1998, and 2001, and finished second in 1996, 1999, and 2000. Mr. Van Hoesen stated that he confirmed this information by reference to the employees' W-2 Forms. Item 78, Exh. 1, ¶ 4. Additionally, in 1997, plaintiff earned $7,579 less than a co-worker, Jim Keller, and $21,526 more than Keller in 1998. *Id.,* ¶ 5. Finally, Mr. Van Hoesen stated that he was deposed by plaintiff's counsel for 14 hours over two days. *Id.,* ¶ 3.

**DISCUSSION**

Plaintiff seeks a continuance in order to obtain W-2 forms and wage information for male corporate account managers so that she may oppose defendant's motion for summary judgment. This court denied plaintiff access to her co-workers' tax documents during discovery on the grounds that plaintiff did not demonstrate that the information sought was not available elsewhere. In support of its motion for summary judgment, defendant has submitted a declaration of Mark Van Hoesen, defendant's General Manager for Branch Operations, in which he compared plaintiff's earnings to other corporate account managers.

The Second Circuit has a well-established four-step requirement that a party must satisfy in order to gain additional discovery under Rule 56(f):

> [A] party resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing "(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts."

*Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999) (quoting *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995)); *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994). "Additionally, the discovery sought must be material to the opposition of the summary judgment motion." *Sage Realty Corp. v. Ins. Co. of N. Am.*, 34 F.3d 124, 128 (2d Cir.1994) (citing *Hudson River Sloop Clearwater, Inc. v. Department of the Navy*, 891 F.2d 414, 422 (2d Cir. 1989)) ("even if plaintiffs had obtained what they stated would be uncovered [through Rule 56(f) discovery], the information would have been insufficient to defeat summary judgment"). Put another way, a litigant seeking Rule 56(f) relief "must

show that the material sought is germane to the defense and that it is neither cumulative nor speculative, and a bare assertion that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient to justify a denial of a motion for summary judgment under Rule 56(f)." *Paddington Partners v. Bouchard*, 34 F.3d at 1138 (internal quotation omitted); *see also Gray v. Town of Darien*, 927 F.2d 69, 74 (2d Cir.) ("In a summary judgment context, an opposing party's mere hope that further evidence may develop prior to trial is an insufficient basis upon which to justify the denial of a summary judgment motion.") (internal quotation and brackets omitted), *cert. denied*, 502 U.S. 856 (1991). Indeed, "[a] court can reject a request for discovery, even if properly and timely made through a Rule 56(f) affidavit, if it deems the request to be based on speculation as to what potentially could be discovered." *Paddington Partners*, 34 F.3d at 1138.

Plaintiff seeks the disclosure of tax documents which was previously denied by this court in its ruling on plaintiff's motion to compel. Plaintiff did not seek reconsideration of this ruling. A motion pursuant to Rule 56(f), in an effort to circumvent the court's previous discovery order, is not proper. *See McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995) (plaintiff belatedly sought the same relief, access to certain documents, which the court had already denied in a motion to quash subpoena).

Additionally, it does not appear from the record that plaintiff made any attempts through other means to obtain the wage information she now seeks, including during the 14-hour deposition of Mr. Van Hoesen. Defendant previously disclosed the compensation plans for the account manager position, and plaintiff sought no earnings comparisons other than through the tax documents. Discovery should not be extended when a party had an

ample opportunity to pursue the evidence during discovery. *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir.1989) (denying further discovery when the party opposing summary judgment had a "fully adequate opportunity for discovery"); *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 927 (2d Cir.1985) (denying plaintiff's request to reopen discovery when plaintiff had "ample time in which to pursue the discovery that it now claims is essential"); *Yrityspankki Skop Oyj v. Delta Funding Corp.*, 1999 WL 1018048, at *4 (S.D.N.Y. Nov. 9, 1999) (denying request to reopen discovery since party was fully aware of the relevance of the information in question during discovery, and since it could have developed the information at that time).

Finally, plaintiff has not demonstrated how the tax documents will create a genuine issue of material fact. Mr. Van Hoesen has stated in his declaration that plaintiff was the top earner among her peers in 1997, 1998, and 2001, and finished second in 1996, 1999, and 2000. Accordingly, defendant argues that plaintiff cannot show that her earnings were limited by gender discrimination. Plaintiff argues that she cannot oppose this aspect of the motion for summary judgment without documentation of the earnings of male corporate account managers. The court concludes that plaintiff is in possession of the pertinent information without the W-2 forms for the male corporate account managers, and disclosure of the tax documents will not lead to additional facts relevant to the defense of the motion.

## CONCLUSION

Plaintiff's motion for a continuance to permit further discovery pursuant to Rule 56(f) is denied. The court will next proceed to consider the defendant's motion for summary

5

judgment. Oral argument shall be held on Wednesday, September 13, 2006, at 11:00 a.m.

     So ordered.

                                                                                 JOHN T. CURTIN
                                                       United States District Judge

Dated: August 2    , 2006
p:\opinions\02-372.july2706