UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SARA DELENA,

                           Plaintiff,

                -vs-                                      02-CV-0372C

VERIZON NEW YORK INC.,

                           Defendant.

---

      Defendant has filed a motion for reconsideration of this court's decision and order dated October 10, 2007, granting in part defendant's motion for summary judgment. The court denied the motion only with respect to plaintiff's claim of discrimination based on a hostile work environment. Item 84. Specifically, defendant now contends that the court "may have overlooked record evidence to the contrary" when it concluded that the harassing acts complained of "were sufficiently repeated and continuous, and . . . interfered with [the plaintiff's] work performance." Item 86, p. 3.

      A motion for reconsideration should be granted when the moving party can identify controlling decisions or information that the court overlooked "that might reasonably be expected to alter the conclusion reached by the court." *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Quinn v. Altria Group, Inc.*, 2008 WL 3518462 at *1 (S.D.N.Y.

August 1, 2008) (citing *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.), *cert. denied,* 506 U.S. 820 (1992)).

In the previous order, the court found that plaintiff had sustained her burden on the motion for summary judgment by raising genuine issues of material fact as to her claim of a hostile work environment. To defeat a motion for summary judgment on a hostile work environment claim, "a plaintiff must produce evidence that the workplace [wa]s permeated with discriminatory intimidation, ridicule, and insult, that [wa]s sufficiently severe or pervasive to alter the conditions of the victim's employment." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000) (internal quotation marks omitted). A court should look at the "totality of the circumstances," *Richardson v. N.Y.S. Dep't of Corr. Servs.,* 180 F.3d 426, 437 (2d Cir. 1999), and consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Terry v. Ashcroft*, 336 F.3d 128, 148 (2d Cir. 2003) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993)). Where reasonable jurors could disagree as to whether alleged incidents of harassment would have adversely altered the working conditions of a reasonable employee, the issue of whether a hostile work environment existed may not properly be decided as a matter of law. *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 227 (2d Cir. 2004).

In this case, the court found that plaintiff complained of "<u>at least </u>seventeen incidents of unwelcome comments, insults or sexually offensive conduct over the course of approximately six years, <u>and the regular use</u> of insulting nicknames and offensive

comments over that period of time." *See* Item 84, p.32 (emphasis added). Defendant now argues that the allegedly offensive behavior was merely "episodic," and not sufficiently continuous to be considered pervasive. The regular use of demeaning nicknames and comments regarding plaintiff's appearance and that of other women in the workplace, in combination with the seventeen specific incidents noted by the court, is sufficient to raise a triable issue of fact as to the pervasive and continuing nature of the alleged harassment.

Additionally, the court found that the hostile work environment interfered with plaintiff's job performance in that she failed to meet her sales objectives in 2000, 2001, and 2002, and took disability leave in 2002 and 2003 due to work-related stress. Item 84, p. 32. Defendant now argues that plaintiff never took the position that these performance problems were caused by the purported hostile work environment. Rather, defendant contends that plaintiff attributed her failure to meet sales objectives and her absences on disability leave solely to perceived discrimination and retaliation.

Defendant did not raise this argument in support of the motion for summary judgment. The moving party may not raise new facts, issues, or arguments not previously presented to the court on a motion for reconsideration. *Steinberg v. Ericsson LM Telephone Co.*, 2008 WL 1721484, *1 (S.D.N.Y. April 11, 2008); *see also Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991), *cert. denied,* 504 U.S. 910 (1992)(party may not raise arguments for the first time on a motion for reconsideration). Additionally, the proponent of a motion for reconsideration should not treat the court's initial decision as the opening of a dialogue in which that party may then advance new facts and theories in response to the court's rulings. *See Flaherty*

*v. Filardi*, 2008 WL 4200577 at *1 (S.D.N.Y. September 12, 2008).  Even if the court had not considered the failure of plaintiff to meet her sales objectives in 2000, 2001, and 2002, plaintiff nonetheless raised a triable issue of fact with respect to the negative effect of the purported hostile work environment on her job performance.  *See* Item 71, ¶ 127 (plaintiff stated in affidavit that she went on disability leave in 2002 "as a result of the continual severe emotional distress that [she] was experiencing" caused by defendant's conduct); Item 72, p. 47 (plaintiff argued in opposition to the motion that she was "so emotionally distressed by this conduct . . . that she was placed on disability on three occasions and not cleared by her physician to return to work in that environment.").

The motion for reconsideration is denied.  Counsel for the parties shall meet with the court by telephone on October 27, 2008  at 10:45 a.m.  to discuss a further schedule.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: September   30   , 2008
p:\opinions\02-372.sep2908