UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SARA DELENA,

                          Plaintiff,

              -vs-                                 02-CV-0372C(F)

VERIZON NEW YORK INC.,

                          Defendant.
_____

On July 24, 2009, defendant filed a motion for reconsideration (Item 100) of the court's decision and order of October 10, 2007 (Item 84) in which defendant's motion for summary judgment was granted in part and denied with respect to plaintiff's hostile work environment claim. The current motion is based on the Second Circuit's recent decision in *Byrne v. Telesector Resources Group, Inc.,* 2009 WL 2019951 (2d Cir. 2009). In that case, plaintiff Byrne appealed from an award of summary judgment in favor of defendant, and submitted an affidavit of her co-worker Sara Delena in support of her argument that she was subjected to a hostile work environment. The Delena affidavit in the *Byrne* case was the same affidavit Delena offered in this case in opposition to the defendant's motion for summary judgment, and set forth all her allegations of gender-based workplace harassment (Item 71). In this case, the court determined that questions of fact precluded summary judgment on Delena's hostile work environment claim. In the *Byrne* case, the Second Circuit affirmed the lower court's dismissal of the hostile work environment claim.

Defendant now argues that the Second Circuit has expressed its view of the legal sufficiency of Delena's hostile work environment claim in the *Byrne* case and has found the

claim lacking. In *Byrne,* the court stated that "the co-worker incidents, like those experienced by Byrne herself, involve isolated incidents that do not rise to a sufficiently serious level to manifest a work environment 'permeated with discriminatory intimidation.'" *Byrne,* 2009 WL 2019951, at *5 (quoting *Petrosino v. Bell Atl.,* 385 F.3d 210, 221 (2d Cir. 2004)). While expressing "no view on the ultimate merits" of the pending Title VII action of another employee, Cindy Moll, which includes a claim for hostile work environment, the Second Circuit stated that "the allegations of sexual harassment experienced by Moll or other female co-workers that Byrne submitted as evidence in this case are insufficient to amount to a hostile work environment." *Byrne,* at *5.

Plaintiff argues that the summary order in *Byrne* has no precedential effect and that the holding in the case applies only to Byrne's claim of a hostile work environment. While the order lacks precedential effect, *see* Fed. R. App. P. 32.1, 2d Cir. R. 32.1(b), this court cannot ignore the conclusion of the Second Circuit that the very allegations at issue in this case, in its view, do not amount to a hostile work environment. The Second Circuit explicitly stated that the co-worker incidents submitted as evidence in the *Byrne* case, including all the allegations submitted by plaintiff Delena in this action, "involve isolated incidents that do not rise to a sufficiently serious level to manifest a work environment 'permeated with discriminatory intimidation.'" *Byrne,* at *5.

Accordingly, the defendant's motion for reconsideration is granted and, upon reconsideration, the court finds that plaintiff's allegations of a hostile work environment are insufficient to survive summary judgment. As this is the plaintiff's sole remaining claim, defendant's motion for summary judgment is thus granted in its entirety. Defendant is

2

directed to contact the court within ten days to advise of the continuing viability of its counterclaims.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: October 27 , 2009
p:\pending\2002\02-372.oct1409